**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jong Seok SEO, Defendant—Appellant.**

**No. 05–10793.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2006.

Filed Oct. 20, 2006.

Timothy S. Vasquez, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Arthur L. Allen, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: REINHARDT, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM *

■ Jong Seok Seo appeals his sentence of forty-six months imprisonment and five years of supervised release. He challenges the district court's imposition of a two-level "means of identification" sentencing enhancement. U.S.S.G. § 2B1.1(b)(9)(C).[1] Because Seo failed to object to the application of the enhancement at sentencing, we review for plain error. *United States v. Olano*, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Evans–Martinez*, 448 F.3d 1163, 1166 (9th Cir.2006). We reverse and remand for resentencing.

■ Even after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court must begin with a proper calculation of the Guidelines range. *United States v. Cantrell*, 433 F.3d 1269, 1278 (9th Cir.2006); *see United States v. Menyweather*, 447 F.3d 625, 630 (9th Cir.2006) (as amended). The two-level § 2B1.1(b)(9)(C)(i) enhancement applies if the offense involved "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." We held in *United States v. Melendrez*, 389 F.3d 829 (9th Cir.2004), that "[b]oth the source ID numbers and the produced ID numbers must be of actual, not fictitious, persons other than the defendant himself." 389 F.3d at 830 (citing U.S.S.G. § 2B1.1(b)(9)(C) cmt. n.7(A)).

The government presented no evidence that the names or passport numbers Seo used to obtain Nevada identification cards or open bank accounts belonged to *actual* people. And its reliance on new information that is not contained in the record is unavailing. *See* Fed. R.App. P. 10(a). The district court's application of the § 2B1.1(b)(9)(C) enhancement in the absence of any evidence that the means of identification belonged to actual people was plain error in light of *Melendrez*. This error significantly increased the Guidelines range. Accordingly, we remand for resentencing.

Sentence VACATED; REMANDED for resentencing.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. All references to the Sentencing Guidelines are to the November 1, 2002 version.